IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR122 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY L. GEIGER, JR., | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin Herdman, United States Attorney, and Payum Doroodian, Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of Defendant Johnny L. Geiger, Jr. The Presentence Investigation Report ("PSR") calculates Defendant's offense level as 12, prior to acceptance of responsibility, under USSG §2K2.1(a)(7), based on his conviction for making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). (Doc. No. 15 at ¶12). The United States disagrees with this calculation, because Defendant, at the time of his conduct, was a prohibited person, having previously been convicted of two prior felonies of burglary and attempted burglary. (Doc. No. 15 at ¶¶ 25-26). Therefore, Defendant's base offense level is 14 in accordance with USSG 2K2.1(a)(6).[1] Accordingly, taking into account his Criminal History

---

[1] *See, e.g. United States v. Butcher*, 174 F. App'x 292 (6th Cir. 2006) ("A conviction under 18 U.S.C. § 922(a)(6) for making a false statement in connection with the acquisition of a firearm falls under § 2K2.1 of the United States Sentencing Guidelines. . . . As a convicted felon, Butcher thus would ordinarily have been subject to sentencing pursuant to § 2K2.1(a)(6), establishing a base offense level of 14.")

Category and acceptance of responsibility, Defendant's guidelines range is 15-21 months. For the reasons set forth below, this Court should impose a sentence within the advisory Guidelines range.

Considering the 18 U.S.C. § 3553(a) factors, including the circumstances of the offense and the characteristics of the Defendant, a within-Guidelines range sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence and protect the public from future crimes of the Defendant.

On June 7, 2018, Defendant, along with a friend who had an active arrest warrant, traveled to Shoot Point Blank in Mentor, OH to shoot firearms. At the time, Defendant was on community control for his prior felony convictions, and his probation officer advised him in writing that he was prohibited of possessing a firearm, which Defendant signed. Despite this knowledge, Defendant shot firearms at the range and thereafter attempted to purchase two firearms. On ATF Form 4473, Defendant made two false statements. First, he denied that he had any felony convictions and second, he falsely stated he was the actual purchaser. However, Defendant attempted to purchase one of the two firearms for his friend. After the transactions were delayed due to the NICS background check, Defendant left the store.

Given Defendant's criminal history at such a young age and who he associates with, Defendant's conduct is more than just making false statements in connection with firearms purchases. At 23 years old, Defendant has been arrested on nine occasions, most recently while on bond in this current case after he ran from police during a traffic stop. Defendant's history exposes his lack of respect for the law and the threat he poses to the public, whether it be stealing, burglarizing, disobeying officers, or attempting to illegally possess firearms or provide it to other prohibited persons who could use them in future crimes. Yet, surprisingly, Defendant has evaded any significant jail time for his continued lawless behavior.

The concern in this case is what sentence will put Defendant deter him from future crimes and protect the public. Under these circumstances, a guidelines range sentence will achieve the objectives of §3553(a) and provide a clear message that if he continues disobey our laws and associate with criminals, he will continue to receive significant sentences like one this Court will give, and spend most of his adult life in prison.

### III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court impose a sentence within the advisory Guidelines range..

    Respectfully submitted,

    JUSTIN HERDMAN
    United States Attorney

By:   /s/ Payum Doroodian
    Payum Doroodian (DC: 1035376)
    Assistant United States Attorney
    United States Court House
    801 W Superior Ave, Suite 400
    Cleveland, OH 44113
    (216) 622-3739
    (216) 522-2403 (facsimile)
    Payum.Doroodian@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of November 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/ Payum Doroodian
                                                Payum Doroodian
                                                Assistant U.S. Attorney